# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its Capacity as
Receiver for NextBank, N.A.,

                              Plaintiff,

                                               Case No. _____

          v.

THE BANK OF NEW YORK, as Indenture
Trustee of the NextCard Credit Card Master
Note Trust,

                              Defendant.


## PLAINTIFFS' MOTION FOR TEMPORARY
## RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, and Local Civil Rule

65, Plaintiff Federal Deposit Insurance Corporation, in its Capacity as Receiver for NextBank,

N.A., by its undersigned counsel, hereby moves this Court for (1) a temporary restraining order

and (2) a preliminary and permanent injunction, as described more fully in the accompanying

Memorandum of Points and Authorities in Support of the FDIC Receiver's Motion for a

Temporary Restraining Order and Preliminary and Permanent Injunction.

Dated:  November 17, 2006

Of Counsel:

Tom M. Reeves (KS Sup. Ct. No. 7259)
Counsel
Federal Deposit Insurance Corporation
550 17th Street, N.W., Room VS-D-7068
Washington, D.C. 20429
Telephone:  (703) 562-2433
Facsimile:  (703) 562-2475
E-mail:  TReeves@FDIC.gov

Respectfully submitted,

Dennis S. Klein, D.C. Bar No. 361457
Scott H. Christensen, D.C. Bar No. 476439
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: (202) 721-4600
Facsimile: (202) 721-4646

Attorneys for Federal Deposit Insurance
Corporation, in its Capacity as Receiver for
NextBank, N.A.

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its Capacity as Receiver for NextBank, N.A., <br><br> Plaintiff, <br><br> v. <br><br> THE BANK OF NEW YORK, as Indenture Trustee of the NextCard Credit Card Master Note Trust, <br><br> Defendant. | Case No. _____ |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE FDIC RECEIVER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY AND PERMANENT INJUNCTION

The Federal Deposit Insurance Corporation, as Receiver for NextBank, N.A. ("the FDIC Receiver"), respectfully submits this memorandum of points and authorities in support of its application for a temporary restraining order and for a preliminary and permanent injunction pursuant to Section 65 of the Federal Rules of Civil Procedure and 12 U.S.C. §§ 1821(d)(18) & (19), enjoining the Bank of New York, as Indenture Trustee of the NextCard Credit Card Master Note Trust ("BONY") from improperly exercising acceleration and termination provisions under certain agreements entered into with the NextBank, N.A. prior to the appointment of the FDIC Receiver in violation of both this Court's orders and a settlement agreement between the parties.

## INTRODUCTION

While the transaction documents are voluminous and complex, this case could not present a more straightforward request for injunctive relief. Simply put, this case involves a

1

contest over tens of millions of dollars that this Court's decision regarding the statutory rights of

the FDIC Receiver has already resolved.  In spite of the Court's resolution of the relevant

statutory interpretation, BONY is now attempting an end run around this Court's orders

transferring the funds to Noteholders, from whom there is no guarantee that, in the absence of

injunctive relief, these assets could ever be recovered.

- In 2003, BONY filed an action seeking recovery of assets related to a set of integrated "Transaction Documents" — the Trust Agreement, the Master Indenture and Indenture Supplements, the Transfer and Servicing Agreement, and the Administration Agreement — principally on behalf of investors who purchased notes in connection with NextBank's credit card business (the "Noteholders").

- The action was fully litigated and resulted in a settlement agreement as to a substantial portion of the claims and counterclaims, an order from the Court dismissing one of the claims, and a final order and judgment on the only remaining claim, in which the Court found that, pursuant to 12 U.S.C. § 1821, the FDIC Receiver could enforce the Master Indenture notwithstanding an acceleration clause triggered by the appointment of the receiver.

- On November 14, 2006, in a clear attempt to avoid the consequences of both the settlement and the Court's orders, BONY issued a "Notice of Default," asserting — based on reasoning that is virtually identical to the arguments previously presented to and rejected by this Court — that the Noteholders had rights to the exact same funds that were at issue in the prior litigation before this Court.

- The FDIC Receiver seeks an injunction to prevent BONY from wrongfully distributing assets to the Noteholders in direct violation of their obligations under both the settlement agreement and the Court's orders.

## STATEMENT OF FACTS

The facts supporting the present motion are set forth in detail in the

accompanying complaint and declaration of Scott H. Christensen, as well as in the extensive

briefing that was submitted in the related case, *Bank of New York v. FDIC*, No. 03-1221

(D.D.C.).  The key facts that support this motion for injunctive relief are summarized as follows:

In *Bank of New York v. FDIC*, BONY's Complaint asserted six claims for relief including a claim that the governing documents contained certain default provisions that entitled the Noteholders to more than $800 million. On November 23, 2004, the Honorable Ellen Huvelle granted the FDIC Receiver's motion to dismiss Count Two (Conversion of Transferor Interest following the repudiation), concluding that the FDIC Receiver had the right to the Transferor Interest (*i.e.*, the portion of the payments by cardholders on credit card balances that were, prior to the receivership, allocated to NextBank). Specifically, Judge Huvelle held that it was "absolutely clear error" to conclude that the Noteholders were entitled to the Transferor Interest.

> I do not see anything in the contracts that gives the right to the transfer interest to the bank. They never had the right, the fact they repudiated, didn't give you the right, you didn't step in under the contract into some shoes you didn't have before.
>
> The transfer interest is always excluded the collateral. [BONY's] rights are in the collateral. Their rights are in there meaning Next Bank, who then became the FDIC.

(Nov. 23, 2004 Hr'g Tr. at 53.)

On July 27, 2005, the FDIC Receiver, BONY, and two Noteholders (CS First Boston LLC and Millennium Partners LLP) entered into a settlement agreement of all remaining claims and counterclaims except for BONY's Count Six (conversion of Trust assets for failure to begin amortization period).[1] As a result of the settlement agreement and the Court's prior ruling dismissing Count Two, BONY began making monthly payments of the Transferor Interest to the FDIC Receiver in September 15, 2005. These payments continued uninterrupted through October 15, 2006.

---

[1] The Noteholders and the Noteholders' counsel participated in the mediation that this Court ordered on May 31, 2005 [Docket Entry 38].

This Court resolved the sole remaining claim in a final order and judgment on Count Six on September 27, 2006. *Bank of New York v. FDIC*, ___ F. Supp. 2d ___, No. 03-1221, 2006 WL 2772860 (D.D.C. Sept. 27, 2006). Concluding that BONY failed to support its claim to the assets, the Court entered a judgment in favor of the FDIC Receiver, finally resolving the question of whether the Noteholders, pursuant to the default provisions in the Master Indenture, were entitled to accelerated repayment starting in February 2002. The Order made clear that the Noteholders had no such rights. BONY filed a notice of appeal on October 27, 2006 (D.C. Cir. No. 06-5358).

Despite the fact that the Court's September 27, 2006 order resolved, once and for all, BONY's erroneous claims that the Noteholders were entitled to accelerated repayment, on November 14, 2006 – in complete contravention of the Court's Order -- BONY issued a "Notice of Default under Master Indenture and Notice of Acceleration for Both Series 2000-1 Notes and Series 2001-1 Notes," demanding that the NextCard Master Note Trust (the "Trust") immediately pay the Noteholders in excess of $112 million. The next day, in response, counsel for the FDIC Receiver advised BONY, the Noteholders, the Servicer, and Wilmington Trust Co. that the Notice of Default has no effect for reasons explained by this Court in its recent decision and judgment against BONY. *See Bank of New York v. FDIC*, ___ F. Supp. 2d ___, No. 03-1221, 2006 WL 2772860 (D.D.C. Sept. 27, 2006).

On November 16, 2006, BONY's counsel informed counsel for the FDIC Receiver that the Noteholders believe that this Court's order had no effect on their ability to demand immediate payment from the Trust itself. In addition, on November 16, 2006, the Noteholders themselves sent a separate notice of default stating that "NextBank N.A.'s entry into receivership on February 7, 2002 is a Redemption Date under the terms of the Notes.

4

Accordingly, the Issuer is liable under the Notes for the full outstanding unpaid principal on the Notes, which the Issuer has failed to repay." The Noteholders "demand that the Issuer immediately pay in full to the Indenture Trustee (a) the $112,109,000.00 of unpaid principal on all Notes, plus (b) all accrued and unpaid interest thereon, plus (c) all other amounts due thereon."

On November 15, 2006, BONY abruptly stopped the monthly payments of the Transferor Interest owed to the FDIC Receiver under the settlement agreement and the Court's order and seized those assets in an effort to obtain some of $112 million claimed by the Noteholders.

On November 16, 2006, in an obvious attempt to avoid having its case decided in the court where all of its claims had been dismissed (and where it had participated in mediation), BONY filed an action in state court in New York, asking that court to restrain the FDIC Receiver "by injunction from commencing or prosecuting any action or proceeding against" BONY for the funds owed to the FDIC Receiver. *Bank of New York v. First Millennium, Inc.*, No. ____ (N.Y. Sup. Ct.). That action purports to allow the New York court to take control of the assets and determine whether and how they should be distributed to the FDIC Receiver. BONY's actions are a clear violation of the settlement agreement and this Court's orders in the related case. BONY's actions are contrary to this Court's final order and judgment and are an attempt to deprive this Court of jurisdiction to enforce the orders and judgment.

The FDIC Receiver requests that this Court enter a temporary restraining order pursuant to 12 U.S.C. 1821(d)(18) (2006) enjoining BONY from distributing any funds until this Court can consider the merits of the FDIC Receiver's request for a preliminary or permanent

injunction and request for an order to show cause why BONY should not be held in contempt of court for its violation of this Court's order.

ARGUMENT[2]

The FDIC Receiver is entitled to a temporary restraining order and preliminary and permanent injunction. In addressing an action in which the FDIC Receiver seeks injunctive relief, the Court need only consider whether: (1) there is a substantial likelihood of success on the merits, (2) the relief is in the public interest, and (3) other interested parties will suffer substantial harm if the Court grants the FDIC's request. *See FDIC v. Cafritz*, 762 F. Supp. 1503, 1506 (D.D.C. 1991). The FDIC Receiver need not demonstrate irreparable harm. *See* 12 U.S.C. § 1821(d)(19) (2001); *Cafritz*, 762 F. Supp. at 1505.

The FDIC Receiver's application for a temporary restraining order and preliminary or permanent injunction should be granted because there is a strong likelihood of success in this proceeding, the public interest is served by maintaining the integrity of a bank's remaining assets when a federally insured depositary becomes insolvent, and BONY and the Noteholders cannot claim that they will be harmed by the enforcement of this Court's orders or by the parties' own settlement agreement.

First, the FDIC Receiver is likely to succeed on the merits because the position BONY asserts in both its Notice of Default and in its interpleader action has been adjudicated by

---

[2]    In an abundance of caution, the FDIC Receiver has initiated a new action in order to seek an injunction. However, the FDIC Receiver believes this Court also has ancillary jurisdiction over this matter pursuant to its inherent authority to enforce its own judgments. *Central of Georgia R.R. Co. v. United States,* 410 F. Supp. 354, 357 (D.D.C. 1976), *aff'd,* 429 U.S. 968 (1976); *United States v. York*, 909 F. Supp. 4, 9-10 (D.D.C. 1995). Even when the "filing of the notice of appeal divests the district court of jurisdiction over any matters dealing with the merits of the appeal, the district Court retains jurisdiction over any issues relating to the enforcement of the judgment or the supersedeas bond." *York*, 909 F. Supp. at 9 (*quoting Sheldon v. Munford, Inc.,* 128 F.R.D. 663, 665 (N.D. Ind. 1989)).

this Court, as well as resolved by the settlement agreement. In the related action between BONY and the FDIC, the Court has already rejected BONY's attempt to enforce the accelerated repayment provision in violation of 12 U.S.C. § 1821(e)(13)(A). Moreover, that BONY breached the settlement agreement is evidenced by BONY's own actions. For more than a year, BONY acted as the parties agreed in the settlement and transferred funds owed to the FDIC Receiver. After this Court ruled against BONY, however, it abruptly, without cause, terminated those payments and retained the assets due the FDIC Receiver.

BONY's attempt to circumvent this Court's order by filing an interpleader action is barred under principles of claim preclusion. "Under claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Sieverding v. Am. Bar Assoc.*, 439 F. Supp. 2d 111, 115 (D.D.C. 2006) (*quoting Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002)). There is no dispute – nor could there be – that the parties entered into a settlement agreement disposing of a portion of the claims and that the Court dismissed the remainder of the claims brought by BONY. Moreover, there can be no dispute that BONY could have taken the position it now takes, in both the Notice of Default and in its Interpleader action, in the action that was decided in this Court. Accordingly, BONY can neither seek relief in the New York State Courts – as it has done – nor can it attempt to avoid this Court's judgment through "self-help" remedies.

Second, the relief is in the public interest. In passing FIRREA, Congress granted broad powers to maximize the assets of a failed depository institution. Accordingly, granting the injunction here is consistent with the FDIC Receiver's Congressional mandate — the very purpose of which is to protect the public interest. As the *Cafritz* Court explained, "Congress has

given the FDIC a green light to use aggressive tactics in the protecting taxpayers' interests." *See*

*FDIC v. Cafritz*, 762 F. Supp. 1503, 1509 (D.D.C. 1991).

Third, BONY will not suffer substantial harm. Granting the relief requested will

not impose any harm or hardship on BONY because, as this Court has already ruled, BONY has

no legal right to the funds that BONY is seeking to withhold from the FDIC.

## CONCLUSION

For the foregoing reasons, the FDIC Receiver respectfully request that the Court

enter a temporary restraining order, and a preliminary and permanent injunction enjoining

BONY from the actions further described in the FDIC Receiver's Application for Temporary

Restraining Order and a Preliminary and Permanent Injunction.

Dated:  November 17, 2006

Of Counsel:


Tom M. Reeves (KS Sup. Ct. No. 7259)
Counsel
Federal Deposit Insurance Corporation
550 17th Street, N.W., Room VS-D-7068
Washington, D.C. 20429
Telephone:  (703) 562-2433
Facsimile:  (703) 562-2475
E-mail:  TReeves@FDIC.gov

Respectfully submitted,


Dennis S. Klein, D.C. Bar No. 361457
Scott H. Christensen, D.C. Bar No. 476439
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, DC  20006
Telephone:  (202) 721-4600
Facsimile:  (202) 721-4646


Attorneys for Plaintiff Federal Deposit
Insurance Corporation, in its Capacity as
Receiver for NextBank, N.A.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its Capacity as
Receiver for NextBank, N.A.,

Plaintiff,

v.

THE BANK OF NEW YORK, as Indenture
Trustee of the NextCard Credit Card Master
Note Trust,

Defendant.

Case No. _____

## DECLARATION OF SCOTT H. CHRISTENSEN IN SUPPORT OF THE FDIC RECEIVER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY AND PERMANENT INJUNCTION

I, Scott H. Christensen, hereby declare as follows:

1.      I am an attorney admitted to practice before this Court.  I am an associate

of the firm Hughes Hubbard & Reed LLP, attorneys representing Plaintiff Federal Deposit

Insurance Corporation, in its Capacity as Receiver for NextBank, N.A. (the "FDIC Receiver") in

this civil action.  I have personal knowledge of the information contained in this Declaration and,

if called as a witness, could and would competently testify thereto.

2.      At 4:37 p.m. on November 14, 2006, I received the "Notice of Default

under Master Indenture and Notice of Acceleration for Both Series 2000-1 Notes and Series

2001-1 Notes" (attached hereto as Exhibit 1).

3.      At 4:55 p.m. on November 15, 2006, I sent a letter (attached hereto as

Exhibit 2) advising counsel for BONY that the November 14, 2006 Notice of Default had no

effect for reasons explained by the federal court in its recent decision and judgment against

BONY.  *See Bank of New York v. FDIC*, ___ F. Supp. 2d ___, No. 03-1221, 2006 WL 2772860

(D.D.C. Sept. 27, 2006).

      4.     At approximately 7:30 p.m. on November 15, 2006, I received a call from

BONY's counsel H. Stephen Harris, Jr. of Alston & Bird LLP that the monthly distributions for

November had not been made, including money due and owing to the FDIC Receiver, on

instructions of a majority of the Noteholders.

      5.     At approximately 11:00 a.m on November 16, 2006, I spoke with

Mr. Harris and Gary D. Roth of Alston & Bird LLP and requested the following by the close of

business:  (1) a letter from BONY withdrawing the Notice of Default as if had never been issued;

(2) the release of funds that were seized by BONY on instructions of the Noteholders; and

(3) written assurance that BONY and the Noteholders would not take any assets that do not

properly belong to them.

      6.     On the afternoon of November 16, 2006, I spoke with Messrs. Harris and

Roth, who explained that the Noteholders had instructed BONY to not distribute funds to the

FDIC Receiver pending further instructions from the Noteholders.  Mr. Harris stated that the

Noteholders believed that the Court's September 27, 2006 order and judgment did not preclude

BONY and the Noteholders from seeking principal owed from the Trust itself.

      7.     At approximately 6:30 p.m. on November 16, 2006, I spoke with

Mr. Roth, who stated that a majority of the Noteholders had instructed BONY to file an

interpleader action in New York state court, which would allow a state court to take control of

the assets and determine their distribution.

      8.     At 8:23 p.m. on November 16, 2006, Noteholders' counsel Michael J.

Edelman of Vedder Price, Kaufman & Kammholz, P.C. emailed to me a "Notice of Default under Master Indenture and Notice of Acceleration for Both Series 2000-1 Notes and Series 2001-1 Notes" (attached hereto as Exhibit 3).

9.    At approximately 8:45 p.m. on November 16, 2006, Mr. Roth called to advise me that BONY would be filing a interpleader action in New York state court on the night of November 16, 2006.

10.    At approximately 10:35 p.m. on November 16, 2006, Mr. Roth emailed to me a "courtesy copy" of the interpleader complaint styled *Bank of New York v. First Millennium, Inc.*, No. ___ (N.Y. Sup. Ct.) (attached hereto as Exhibit 4).

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed at Washington, D.C. on November 17, 2006.

Scott H. Christensen



November 14, 2006

BY FACSIMILE AND BY OVERNIGHT MAIL

NextCard Credit Card Master Note Trust
c/o Wilmington Trust Company
Rodney Square North
1100 North Market Street
Wilmington, Delaware 19890-0001
Attention: Corporate Trust Department

Re:    NextCard Credit Card Master Note Trust, Series 2000-1 and Series 2001-1
       Asset Backed Notes – **NOTICE OF DEFAULT UNDER MASTER
       INDENTURE AND NOTICE OF ACCELERATION FOR BOTH
       SERIES 2000-1 NOTES AND SERIES 2001-1 NOTES**

TO THE ABOVE REFERENCED PARTIES:

Reference is hereby made to the Master Indenture, as amended and supplemented (the "**Master Indenture**"), dated as of December 11, 2000, between NextCard Credit Card Master Note Trust (the "**Issuer**") and The Bank of New York, as indenture trustee (the "**Indenture Trustee**"), as supplemented by the Indenture Supplements. Capitalized terms used herein and not defined shall have the meanings assigned to such terms in the Master Indenture.

The Issuer issued Series 2000-1 Notes and Series 2001-1 Notes as evidence of the Issuer's indebtedness to the Indenture Trustee and the Holders of the Series 2000-1 Notes and Series 2001-1 Notes (collectively, the "**Noteholders**") arising from the secured loans made to the Issuer under the Master Indenture and the Indenture Supplements, which Notes are secured by the security interests created by the Issuer in favor of the Indenture Trustee. Pursuant to the Master Indenture and the Notes, the Issuer agreed to pay principal of and interest on the unpaid principal balance of the Notes for the period such balance is outstanding at the rate set forth in such Master Indenture and the Notes.

The Master Indenture provides, among other things, that if any Event of Default shall occur and be continuing with respect to any Series, the Indenture Trustee may pursuant to section 5.03 of the Master Indenture, by delivery of written notice to the Issuer, declare all of the Notes with respect to such Series to be immediately due and payable, whereupon the unpaid principal amount of such Notes, together with accrued but unpaid interest thereon through the date of acceleration and all other amounts due under the Master Indenture and the Notes shall immediately become due and payable.

As of the date of this letter, one or more Events of Default under the Master Indenture have occurred and are continuing with respect to the Series 2000-1 Notes and Series 2001-1 Notes. NextBank, N.A.'s entry into receivership on February 7, 2002 constituted a Trust Redemption Event which triggered the commencement of the Early Amortization Period, whereupon the Issuer was required to commence making payments of principal on the Notes in accordance with Section 4.04(c) of the Indenture Supplements for each of the Series 2000-1 Notes and Series 2001-1 Notes. Contrary to its obligations under the Master Indenture and the Indenture Supplements for each of the Series 2000-1 Notes and Series 2001-1 Notes, Issuer failed to make distributions in accordance with Section 4.04(c) of the Indenture Supplements following the commencement of the February 7, 2002 receivership for the four monthly distributions commencing on February 15, 2002 for each of the Series 2000-1 Notes and Series 2001-1 Notes. The Issuers failure to honor its contractual repayment obligations has caused it to fail to make payments of principal due to the Noteholders of the Series 2000-1 Notes and Series 2001-1 Notes, which failure continues through the date hereof. Such failure to pay principal of the Notes when due and payable constitutes an Event of Default under Section 5.02 of the Master Indenture for each of the Series 2000-1 Notes and Series 2001-1 Notes. The current outstanding principal amounts due under these Notes are as follows:

| | |
|---|---|
| Series 2000-1 Notes: | |
| Class C Notes: | $38,122,500.00 |
| Class D Notes: | $17,500,000.00 |
| Total Outstanding Principal Amount of Series 2000-1 Notes: | $55,622,500.00 |
| | |
| Series 2001-1 Notes: | |
| Class C Notes: | $31,986,500.00 |
| Class D Notes: | $24,500,000.00 |
| Total Outstanding Principal Amount of Series 2001-1 Notes: | $56,486,500.00 |
| | |
| **TOTAL OUTSTANDING PRINCIPAL AMOUNT OF NOTES:** | **$112,109,000.00** |

The Indenture Trustee, pursuant to a directive of the Noteholders, hereby declares all of the Series 2000-1 Notes and Series 2001-1 Notes to be due and payable, whereupon all the unpaid principal of all Notes now outstanding, together with accrued but unpaid interest thereon and other amounts due thereunder, are immediately due and payable.

This notice is without prejudice to any rights or remedies of the Indenture Trustee or the Noteholders under the Master Indenture, the Indenture Supplements, the Notes, the other transaction documents or under applicable law. The Indenture Trustee and the Noteholders expressly reserve any and all of their rights and remedies, including under the Master Indenture, the Indenture Supplements, the Notes, the other transaction documents or under applicable law, waiving none of their rights by the presentment of this notice. This notice is also without prejudice to the Indenture Trustee's or Noteholders' rights and remedies with respect to any other Event of Default which may have occurred and which may be continuing, and the Indenture Trustee and Noteholders expressly reserve any and all rights and remedies with respect thereto, including under the Master Indenture, the Indenture Supplements, the Notes, the other transaction documents or under applicable law. The failure by the Indenture Trustee or the Noteholders to exercise any right under the Master Indenture, the Indenture Supplements, the

Notes, the other transaction documents or under applicable law shall not operate as a waiver thereof or preclude any other or further exercise thereof.

Very truly yours,

The Bank of New York, as the Indenture Trustee

By _____

Name: Loretta A Lindberg

Title: Managing Director

3

cc:  **Owner Trustee**
Mr. Erwin Soriano
Wilmington Trust Co.
Rodney Square North
1100 North Market St.
Wilmington, DE 19890
(via registered mail and email)

**Servicer**
Ms. Karlyn Knieriem
Finance Officer
The First National Bank of Omaha
1620 Dodge Street
Stop 3396
Omaha, Nebraska, 68197
(via registered mail and email)

Mr. Matt Tunink
The First National Bank of Omaha
Servicer of the NextCard Master Note Trust
1620 Dodge Street
Stop 3395
Omaha, Nebraska 68197
(via registered mail and email)

**Administrator**
NextBank, N.A.
NextCard Credit Card Master Note Trust
595 Market Street, Suite 1800
San Francisco, California 94105
(via registered mail)

**Counsel to the FDIC**

Scott H. Christensen, Esq.
Hughes, Hubbard & Reed LLP
1775 I Street, N.W.
Washington, DC 20006-2401
(via registered mail and email)

4

**Federal Deposit Insurance Corporation**

c/o Tom M. Reeves, Esq.
Counsel, Legal Division
550 17th Street, NW
Room H-10710
Washington, DC 20429
(via registered mail and email)


**Counsel to the Indenture Trustee,**
**The Bank of New York**

John L. Douglas, Esq.
H. Stephen Harris, Jr. Esq.
Alston & Bird LLP

Michael J. Edelman, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.

# Hughes Hubbard & Reed LLP

1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: 202-721-4600
Fax: 202-721-4646

November 15, 2006

<u>VIA FACSIMILE</u>

H. Stephen Harris, Jr.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia  30309-3424

Re:    *Bank of New York v. Federal Deposit Insurance*
       *Corporation*, No. 03-1221 (D.D.C.)

Dear Steve:

I am writing in response to the "Notice of Default under Master Indenture and Notice of Acceleration for Both Series 2000-1 Notes and Series 2001-1 Notes" sent by the Bank of New York ("BONY") on November 14, 2006.

As BONY and the Noteholders are well aware, that Notice has no effect for reasons explained by the federal court in its recent decision and judgment against BONY.  *See Bank of New York v. FDIC*, ___ F. Supp. 2d ___, No. 03-1221, 2006 WL 2772860 (D.D.C. Sept. 27, 2006).  The Federal Deposit Insurance Corporation, as Receiver for NextBank, N.A. (the "FDIC Receiver"), may enforce the Master Indenture "notwithstanding <u>any provision of the contract</u> providing for termination, default, acceleration, or exercise of rights upon, or solely by reason of, insolvency or the appointment of or the exercise of rights or powers by a conservator or receiver." 12 U.S.C. § 1821(e)(13)(A) (2006) (emphasis added).

If BONY or the Noteholders attempt to take further action on the Notice of Default or otherwise take funds not due to them, the FDIC Receiver will seek judicial intervention, as well as attorneys' fees and costs for having to take such action.

Sincerely,

Scott H. Christensen

cc:    Steven M. Cimalore, Wilmington Trust Co.
       Michael J. Edelman, Vedder Price, Kaufman & Kammholz, P.C.
       Karlyn Knieriem, The First National Bank of Omaha
       Matt Tunink, The First National Bank of Omaha

One Battery Park Plaza
New York, New York
10004-1482
212-837-6000

47, Avenue Georges Mandel
75116 Paris, France
(33) (1) 44.05.80.00

350 South Grand Avenue
Los Angeles, California
90071-1442
213-613-2800

201 South Biscayne Boulevard
Miami, Florida
33131-4332
305-358-1666

Shiroyama JT Trust Tower, 16F
4-3-1 Toranomon, Minato-ku
Tokyo 105-6016 Japan
(81)(3) 5403-4649

101 Hudson Street
Jersey City, New Jersey
07302-3918
201-536-9220

November 16, 2006

BY FACSIMILE AND BY CERTIFIED MAIL (RETURN RECEIPT REQUESTED)

NextCard Credit Card Master Note Trust
c/o Wilmington Trust Company
Rodney Square North
1100 North Market Street
Wilmington, Delaware 19890-0001
Attention:  Corporate Trust Department

> Re:    NextCard Credit Card Master Note Trust, Series 2000-1 and Series 2001-1 Asset Backed Notes – **NOTICE OF DEFAULT UNDER MASTER INDENTURE AND NOTICE OF ACCELERATION FOR BOTH SERIES 2000-1 NOTES AND SERIES 2001-1 NOTES**

TO THE ABOVE REFERENCED PARTIES:

Reference is hereby made to the Master Indenture, as amended and supplemented (the **"Master Indenture"**), dated as of December 11, 2000, between NextCard Credit Card Master Note Trust (the **"Issuer"**) and The Bank of New York, as indenture trustee (the **"Indenture Trustee"**), as supplemented by the Indenture Supplements.  Capitalized terms used herein and not defined shall have the meanings assigned to such terms in the Master Indenture.

The Issuer issued Series 2000-1 Notes and Series 2001-1 Notes as evidence of the Issuer's indebtedness to the Indenture Trustee and the Holders of the Series 2000-1 Notes and Series 2001-1 Notes (the "**Noteholders**") arising from the secured loans made to the Issuer under the Master Indenture, which Notes are secured by the security interests created by the Issuer in favor of the Indenture Trustee.  Pursuant to the Master Indenture and the Notes, the Issuer agreed to pay principal of and interest on the unpaid principal balance of the Notes for the period such balance is outstanding at the rate set forth in such Master Indenture and the Notes.  The undersigned Noteholders hold a majority of the Outstanding Amount of each of the Series 2000-1 Notes and the Series 2001-1 Notes.

The Master Indenture provides, among other things, that if any Event of Default shall occur and be continuing with respect to any Series, Noteholders holding a majority of the Outstanding Amount of each Series may pursuant to section 5.03 of the Master Indenture, by delivery of written notice to the Issuer and the Indenture Trustee, declare all of the Notes with respect to such Series to be immediately due and payable, whereupon the unpaid principal amount of such Notes, together with accrued but unpaid interest thereon through the date of acceleration and all other amounts due under the Master Indenture and the Notes shall immediately become due and payable.

As of the date of this letter, one or more Events of Default under the Master Indenture have occurred and are continuing with respect to the Series 2000-1 Notes and Series 2001-1 Notes. Pursuant to the express terms of each of the Notes, "the entire principal amount of this Note shall be due and payable on the earlier of the [Final] Maturity Date and the Redemption Date, if any." NextBank N.A.'s entry into receivership on February 7, 2002 is a Redemption Date under the terms of the Notes. Accordingly, the Issuer is liable under the Notes for the full outstanding unpaid principal on the Notes, which the Issuer has failed to repay. The Issuer's failure to honor its contractual repayment obligations has caused it to fail to make payments of principal due to the Noteholders of the Series 2000-1 Notes and Series 2001-1 Notes, which failure continues through the date hereof. Such failure to pay the principal of the Notes when due and payable constitutes an Event of Default under Section 5.02 of the Master Indenture for each of the Series 2000-1 Notes and Series 2001-1 Notes. The current outstanding principal amounts due under these Notes are as follows:

| | |
|---|---|
| Series 2000-1 Notes: | |
| Class C Notes: | $38,122,500.00 |
| Class D Notes: | $17,500,000.00 |
| Total Outstanding Principal Amount of Series 2000-1 Notes: | $55,622,500.00 |
| | |
| Series 2001-1 Notes: | |
| Class C Notes: | $31,986,500.00 |
| Class D Notes: | $24,500,000.00 |
| Total Outstanding Principal Amount of Series 2000-1 Notes: | $56,486,500.00 |
| | |
| TOTAL NOTES: | $112,109,000.00 |

The Undersigned Noteholders hereby declare all of the Series 2000-1 Notes and Series 2001-1 Notes to be due and payable, whereupon all the unpaid principal of all Notes now outstanding, together with accrued but unpaid interest thereon and other amounts due thereunder, are immediately due and payable. The Undersigned Noteholders hereby demand that the Issuer immediately pay in full to the Indenture Trustee (a) the $112,109,000.00 of unpaid principal on all Notes, plus (b) all accrued and unpaid interest thereon, plus (c) all other amounts due thereon.

This notice is without prejudice to any rights or remedies of the Indenture Trustee or the Noteholders under the Master Indenture, the Indenture Supplements, the Notes, the other transaction documents or under applicable law. The Indenture Trustee and the Noteholders expressly reserve any and all of their rights and remedies, including under the Master Indenture, the Indenture Supplements, the Notes, the other transaction documents or under applicable law, waiving none of their rights by the presentment of this notice. This notice is also without prejudice to the Indenture Trustee's or Noteholders' rights and remedies with respect to any other Event of Default which may have occurred and which may be continuing, and the Indenture Trustee and Noteholders expressly reserve any and all rights and remedies with respect thereto, including under the Master Indenture, the Indenture Supplements, the Notes, the other transaction documents or under applicable law. The failure by the Indenture Trustee or the

2

Noteholders to exercise any right under the Master Indenture, the Indenture Supplements, the Notes, the other transaction documents or under applicable law shall not operate as a waiver thereof or preclude any other or further exercise thereof.

Very truly yours,

BY THE NOTEHOLDERS ON THE
ATTACHED SIGNATURE PAGES

cc:    **Owner Trustee**
Mr. Erwin Soriano
Wilmington Trust Co.
Rodney Square North
1100 North Market St.
Wilmington, DE 19890
(via registered mail and email)

**Servicer**
Ms. Karlyn Knieriem
Finance Officer
The First National Bank of Omaha
1620 Dodge Street
Stop 3396
Omaha, Nebraska, 68197
(via registered mail and email)

Mr. Matt Tunink
The First National Bank of Omaha
Servicer of the NextCard Master Note Trust
1620 Dodge Street
Stop 3395
Omaha, Nebraska 68197
(via registered mail and email)

**Administrator**
NextBank, N.A.
NextCard Credit Card Master Note Trust
595 Market Street, Suite 1800
San Francisco, California 94105
(via registered mail)

3

**Counsel to the FDIC**
Scott H. Christensen, Esq.
Hughes,Hubbard & Reed LLP
1775 I Street, N.W.
Washington, DC  20006-2401
(via registered mail and email)

**Federal Deposit Insurance Corporation**
Federal Deposit Insurance Corporation
c/o Tom M. Reeves, Esq.
Counsel, Legal Division
550 17th Street, NW
Room H-10710
Washington, DC 20429
(via registered mail and email)

**The Indenture Trustee**
Ms. Loretta Lundberg
Vice President-Default Group, Corporate Trust Administration
The Bank of New York
21W, Corporate Trust Administration
101 Barclay Street
New York, NY 10007-2119
(via registered mail and email)

**Counsel to the Indenture Trustee,**
**The Bank of New York**
John L. Douglas, Esq.
H. Stephen Harris, Jr. Esq.
Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3449

**Counsel for Millennium Partners LLP**
Michael J. Edelman, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.

4

## EXECUTION BY BENEFICIAL OWNER

The undersigned beneficial owner of the NextCard Credit Card Master Note Trust, Series 2000-1 and/or Series 2001-1 Asset Backed Notes hereby represents and warrants that it is the beneficial owner of the securities described below and is duly authorized to deliver this Certification to the Indenture Trustee, and that such power has not been granted or assigned to any other person.

Name of Beneficial Owner: _Millennium Partners, L.P._
(Print Name of Authorized Signature): _Fred Stone_
Title: _Senior Managing Director_
Signature: _____
Address: _666 5th Avenue, 8th Floor, New York, New York 10103_
Phone: _(212) 841-4100_
FAX: _(212) 841-4141_
E-mail: _fstone@mlp.com_
Class of Securities: _NextCard 2001-1A C_
CUSIP No.: _65334UAG8_
Total Current Principal Amount of Securities Owned as of the Date Hereof: _$19,240,000_
Total Original Principal Amount of Securities Owned as of the Date Hereof: _$40,000,000_
DTC Participant Name: _____
DTC Participant No.: _2474_
Date: _November 9, 2006_

## EXECUTION BY BENEFICIAL OWNER

The undersigned beneficial owner of the NextCard Credit Card Master Note Trust, Series 2000-1 and/or Series 2001-1 Asset Backed Notes hereby represents and warrants that it is the beneficial owner of the securities described below and is duly authorized to deliver this Certification to the Indenture Trustee, and that such power has not been granted or assigned to any other person.

Name of Beneficial Owner:  __Millennium Partners, L.P.__

(Print Name of Authorized Signature):  _Fred Stone_

Title:  _Senior Managing Director_

Signature:  _____

Address:  __666 5th Avenue, 8th Floor, New York, New York 10103__

Phone:  __(212) 841-4100__

FAX:  __(212) 841-4141__

E-mail:  __fstone@mlp.com__

Class of Securities:  __NextCard 2000-1A C__

CUSIP No.:  __65334UAC7__

Total Current Principal Amount of Securities Owned as of the Date Hereof: __$16,243,500__

Total Original Principal Amount of Securities Owned as of the Date Hereof: __$24,500,000__

DTC Participant Name:  _____

DTC Participant No.:  __2474__

Date:  __November 9, 2006__

## EXECUTION BY BENEFICIAL OWNER

The undersigned beneficial owner of the NextCard Credit Card Master Note Trust, Series 2000-1 and/or Series 2001-1 Asset Backed Notes hereby represents and warrants that it is the beneficial owner of the securities described below and is duly authorized to deliver this Certification to the Indenture Trustee, and that such power has not been granted or assigned to any other person.

Name of Beneficial Owner:  First Millennium, Inc.

(Print Name of Authorized Signature):  Fred Stone

Title:  Secretary

Signature:

Address:  666 5th Avenue, 8th Floor, New York, New York 10103

Phone:  (212) 841-4100

FAX:  (212) 841-4141

E-mail:  fstone@mlp.com

Class of Securities:  NextCard 2000-1A D

CUSIP No.:  65334UAD5

Total Current Principal Amount of Securities Owned as of the Date Hereof: $6,000,000

Total Original Principal Amount of Securities Owned as of the Date Hereof: $6,000,000

DTC Participant Name:  N/A

DTC Participant No.:  N/A

Date:  November 9, 2006

16

## SIGNATURE PAGES FOR NOTEHOLDERS FOR THIS NOTICE OF DEFAULT AND ACCELERATION OF THE NOTES:

### EXECUTION BY BENEFICIAL OWNER

The undersigned beneficial owner of the NextCard Credit Card Master Note Trust, Series 2000-1 and/or Series 2001-1 Asset Backed Notes hereby represents and warrants that it is the beneficial owner of the securities described below and is duly authorized to deliver this Certification to the Indenture Trustee, and that such power has not been granted or assigned to any other person.

Name of Beneficial Owner:  First Millennium, Inc.

(Print Name of Authorized Signature):  Fred Stone

Title:  Secretary

Signature:

Address:  666 5th Avenue, 8th Floor, New York, New York 10103

Phone:  (212) 841-4100

FAX:  (212) 841-4141

E-mail:  fstone@mlp.com

Class of Securities:  NextCard 2001-1A D

CUSIP No.:  65334UAH6

Total Current Principal Amount of Securities Owned as of the Date Hereof: $13,000,000

Total Original Principal Amount of Securities Owned as of the Date Hereof: $13,000,000

DTC Participant Name:  N/A

DTC Participant No.:  N/A

Date:  November 8, 2006

16

## EXECUTION BY NOMINEE OR ADVISOR

The undersigned hereby represents and warrants that it is the nominee or advisor for the beneficial owner indicated below of NextCard Credit Card Master Note Trust, Series 2000-1 and/or Series 2001-1 Asset Backed Notes, and that the beneficial owner has granted to the undersigned the power and authority to deliver this Certification to the Indenture Trustee on behalf of such beneficial owner.

Name of Beneficial Owner:  RMK Advantage Income Fund

Name of Nominee or Advisor:  Daymaster & Co.

(Print Name of Authorized Signature):  Jim Kelsoe

Title:  Managing Director

Signature:

Class of Securities:  Series 2000-1A / Class C

CUSIP No.:  65334UC7

Total Current Principal Amount of Securities with Respect to Which Certification is Made as of the Date Hereof:  $6,640,464.00

Total Original Principal Amount of Securities with Respect to Which Certification is Made as of the Date Hereof:  $10,000,000

DTC Participant Name:

DTC Participant No.:

Date:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK, in its capacity as Indenture Trustee of the NextCard Credit Card Master Note Trust, | Index No. |
| Interpleader Plaintiff, | |
| - against - | Summons |
| FIRST MILLENNIUM, INC., MILLENNIUM PARTNERS, L.P., RMK ADVANTAGE FUND, and FEDERAL DEPOSIT INSURANCE CORPORATION, | Date Index No. Purchased: 11/16/06 |
| Interpleader Defendants. | |

To the above named Defendant(s)

First Millennium, Inc., 666 5th Avenue, 8th Floor, New York, NY 10103

Millennium Partners, L.P., 666 5th Avenue, 8th Floor, New York, NY 10103

RMK Advantage Fund, 1100 Ridgeway Loop Road, Suite 510, Memphis, TN 38120

Federal Deposit Insurance Corporation, Regional Counsel, 20 Exchange Place, 4th Floor, New York, NY 10005,

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the residence of plaintiff, which is 101 Barclay Street, New York, NY 10007-2119.

Dated:  New York, New York
        November 16, 2006

ALSTON & BIRD LLP

Michael E. Johnson
Birgit Kurtz
90 Park Avenue
New York, New York
(212) 210-9400

*Attorneys for Interpleader Plaintiff*
*The Bank of New York, in its capacity as*
*Indenture Trustee of the NextCard Credit*
*Card Master Note Trust*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK, in its capacity as Indenture Trustee of the NextCard Credit Card Master Note Trust, <br><br> Interpleader Plaintiff, <br><br> - against - <br><br> FIRST MILLENNIUM, INC., MILLENNIUM PARTNERS, L.P., RMK ADVANTAGE FUND, and FEDERAL DEPOSIT INSURANCE CORPORATION, <br><br> Interpleader Defendants. | INTERPLEADER COMPLAINT <br><br> Index No._____ |

Plaintiff The Bank of New York, in its capacity as Indenture Trustee of the NextCard Credit Card Master Note Trust, by its attorneys, Alston & Bird LLP, as and for its Interpleader Complaint, alleges:

## INTRODUCTION

1.     This is an interpleader action brought in accordance with CPLR 1006 for the purpose of obtaining adjudication of the respective rights of the Interpleader Defendants with respect to certain assets held by the Interpleader Plaintiff.  Interpleader Plaintiff, which serves as indenture trustee, faces competing claims to the assets by the Interpleader Defendants and cannot determine, without hazard to itself, how to proceed.

## PARTIES

2.     Interpleader Plaintiff The Bank of New York, in its capacity as Indenture Trustee of the NextCard Credit Card Master Note Trust, ("BNY") is a New York banking corporation

1

with its principal place of business in New York, New York. BNY is the indenture trustee under the Indenture, as defined below.

3.      Interpleader Defendant First Millennium, Inc. is, upon information and belief, a New York corporation with its principal place of business in New York, New York.

4.      Interpleader Defendant Millennium Partners, L.P. is, upon information and belief, a limited partnership organized under the laws of the State of New York, with its principal place of business in New York, New York.

5.      Interpleader Defendant RMK Advantage Fund is, upon information and belief, a limited partnership organized under the laws of the State of Tennessee, with its principal place of business in Memphis, Tennessee.

6.      Interpleader Defendants First Millennium, Inc., Millennium Partners, L.P. and RMK Advantage Fund (collectively, the "Noteholders") hold a majority of the outstanding Notes that are the subject of the Indenture, as defined below.

7.      Interpleader Defendant Federal Deposit Insurance Corporation ("FDIC") is a federal regulatory agency with an office located in New York, New York, which serves as the receiver for non-party NextBank, N.A ("NextBank").

## BACKGROUND

8.      Interpleader Plaintiff BNY is a party to a master indenture agreement, dated as of December 11, 2000, as supplemented by indenture supplements (the "Indenture"). Pursuant to the Indenture, certain asset-backed notes (the "Notes") were issued that are secured by a portfolio of credit card receivables. The credit cards were issued by non-party NextBank.

9.      Pursuant to the terms of the Indenture, BNY holds certain collateral that is the subject of the instant dispute (the "Collateral"). The Collateral consists of credit card

receivables, proceeds received from credit card receivables, funds in accounts referred to as the "Spread Accounts," and certain other assets.

10.    The Noteholders have notified BNY that, as a result of NextBank's entry into receivership and certain subsequent events, BNY is now obligated, pursuant to the terms of the Indenture, to turn over to them (and other holders of Notes) certain Collateral and take certain other actions with respect to the Collateral for their benefit (the "Instructions").

11.    The Noteholders have taken the position that BNY's failure to turn Collateral over to them or follow the Instructions will constitute a breach of BNY's obligations pursuant to the Indenture. The Noteholders have further notified BNY that they will consider instituting legal proceedings against BNY if it does not follow the Instructions concerning the Collateral.

12.    The FDIC has disputed the Noteholders' claims to the Collateral and the Noteholders' Instructions. The FDIC has further informed BNY that, in accordance with the terms of the Indenture and a decision rendered by the United States District Court for the District of Columbia, in an action entitled *Bank of New York v. FDIC*, ___ F. Supp. 2d ___, No. 03-1221, 2006 WL 2772860 (D.D.C. Sept. 27, 2006) (the "District Court Decision"), BNY must turn certain Collateral over to the FDIC and cannot take actions with respect to the Collateral pursuant to the Noteholders' Instructions. The FDIC has taken the position that, if BNY turns Collateral over to the Noteholders and follows the Instructions with respect to the Collateral, BNY might be acting in contempt of the District Court Decision, and the FDIC has indicated that it is considering legal action.

13.    The Noteholders have disputed the FDIC's claims to the Collateral and the FDIC's efforts to cause BNY not to follow their Instructions concerning the Collateral.

14.    Interpleader Plaintiff BNY faces competing claims to the Collateral and cannot determine, without hazard to itself, how it should proceed with respect to the Collateral it holds.

15.    Interpleader Plaintiff BNY is ready and willing to deliver the Collateral to such person or persons as the Court shall direct.

16.    The above-entitled action is not brought by collusion with any of the Interpleader Defendants.

## PLEA FOR RELIEF

**WHEREFORE,** Interpleader Plaintiff BNY demands judgment:

1.    That Interpleader Defendants and each of them be restrained by injunction from commencing or prosecuting any action or proceeding against Interpleader Plaintiff in relation to the Collateral.

2.    That Interpleader Defendants be required to interplead together concerning their respective claims to the Collateral.

3.    That Interpleader Plaintiff's costs and disbursements, including legal fees and expenses, be paid out of the Collateral.

4.    That Interpleader Plaintiff have such other and further relief as the court may deem just, proper and equitable, including reasonable attorneys' fees.

Dated: New York, New York
      November 16, 2006

                        ALSTON & BIRD LLP

                        Michael E. Johnson
                        Birgit Kurtz
                        90 Park Avenue
                        New York, New York
                        (212) 210-9400

                        *Attorneys for Interpleader Plaintiff*
                        *The Bank of New York, in its capacity as*
                        *Indenture Trustee of the NextCard Credit*
                        *Card Master Note Trust*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its Capacity as
Receiver for NextBank, N.A.,

                    Plaintiff,

          v.

THE BANK OF NEW YORK, as Indenture
Trustee of the NextCard Credit Card Master
Note Trust,

                 Defendant.

Case No. _____

## [PROPOSED] ORDER FOR PRELIMINARY AND PERMANENT INJUNCTION

Upon consideration of the FDIC Receiver's motion for a preliminary and permanent injunction, the memorandum in support thereof, and all other papers filed in this action, and being fully advised in the premises, it is this ____ day of November 2006, hereby

ORDERED, that the FDIC Receiver's motion for a preliminary and permanent injunction be, and the same is hereby, GRANTED; and it is further

ORDERED that BONY, its officers, directors, employees, agents, servants, and attorneys, and all persons acting in concert or participation with them or those with notice of the injunction, is enjoined and restrained (a) from exercising the default provisions in the Master Indenture, as amended and supplemented, dated as of December 11, 2000, as supplemented by the Indenture Supplements, and (b) from interfering with the FDIC Receiver's rights to the assets in the possession, custody or control of BONY in violation of the settlement agreement between the parties, this Court's orders, and this Court's final judgment entered in *Bank of New York v. FDIC*, No. 03-1221 (D.D.C.) on September 27, 2006.

_____
United States District Court Judge

COPIES TO:

Dennis S. Klein, Esq.
Scott H. Christensen
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C.  20006

John L. Douglas
H. Stephen Harris, Jr.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Paul F. Brinkman
Alston & Bird LLP
601 Pennsylvania Avenue, N.W.
North Building, 10th Floor
Washington, D.C.  20004-2601

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its Capacity as
Receiver for NextBank, N.A.,

Plaintiff,

v.

THE BANK OF NEW YORK, as Indenture
Trustee of the NextCard Credit Card Master
Note Trust,

Defendant.

Case No. _____

## [PROPOSED] TEMPORARY RESTRAINING ORDER

Upon consideration of the FDIC Receiver's motion for a temporary restraining order, the memorandum in support thereof, and all other papers filed in this action, and being fully advised in the premises, it is this ____ day of November 2006, hereby

ORDERED, that the FDIC Receiver's motion for a temporary restraining order be, and the same is hereby, GRANTED; and it is further

ORDERED that pending a hearing and determination on the FDIC Receiver's motion for a preliminary and permanent injunction, the Bank of New York, as Indenture Trustee of the NextCard Credit Card Master Note Trust ("BONY"), its officers, directors, employees, agents, servants, and attorneys, and other persons acting in concert with them or those with notice of this order, are, hereby (a) restrained and enjoined from distributing, encumbering, or relinquishing in any way assets that are in the possession, custody or control of BONY and (b) are further restrained and enjoined from proceeding in any manner that will change the status quo between the parties prior to the resolution of the FDIC Receiver's motion for preliminary and permanent injunction;

ORDERED, that (a) BONY shall file their opposition to the FDIC Receiver's motion for a preliminary and permanent injunction on or before November __, 2006 and shall serve the same by e-mail, (b) the FDIC Receiver shall file its reply memorandum on or before November __, 2006 and shall serve the same by e-mail, and (c) the parties shall appear before this Court for a hearing on the FDIC Receiver's motion for a preliminary and permanent injunction on November __, 2006 at _____, in court room ____, _____, Washington, D.C.

_____
United States District Court Judge

COPIES TO:

Dennis S. Klein, Esq.
Scott H. Christensen
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C.  20006

John L. Douglas
H. Stephen Harris, Jr.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Paul F. Brinkman
Alston & Bird LLP
601 Pennsylvania Avenue, N.W.
North Building, 10th Floor
Washington, D.C.  20004-2601