UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its Capacity as
Receiver for NextBank, N.A.,

                        Plaintiff,

v.

THE BANK OF NEW YORK, as Indenture
Trustee of the NextCard Credit Card Master
Note Trust,

                        Defendant.

Case No. 06-CV-1975-ESH

Hon. Ellen Segal Huvelle

## THE FDIC RECEIVER'S EMERGENCY MOTION TO STAY RELATED CASES

Of Counsel:

Tom M. Reeves (KS Sup. Ct. No. 7259)
   Counsel
Federal Deposit Insurance Corporation
550 17th Street, N.W., Room VS-D-7068
Washington, D.C. 20429
Telephone: (703) 562-2433
Facsimile: (703) 562-2475
E-mail: TReeves@FDIC.gov

Dennis S. Klein, D.C. Bar No. 361457
Scott H. Christensen, D.C. Bar No. 476439
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: (202) 721-4600
Facsimile: (202) 721-4646

Attorneys for Plaintiff Federal Deposit
Insurance Corporation, in its Capacity as
Receiver for NextBank, N.A.

i

# TABLE OF CONTENTS

Page

INTRODUCTION ...........................................................................................................................1

STATEMENT OF FACTS .............................................................................................................1

ARGUMENT ..................................................................................................................................6

    A STAY OF OTHER CASES IS NECESSARY TO PRESERVE THIS
    COURT'S JURIDICTION OVER THIS CASE AND THE DECISIONS
    IN THE RELATED CASE ......................................................................................6

CONCLUSION ...............................................................................................................................9

## INTRODUCTION

BONY and the Noteholders are engaged in a ploy to expedite a decision on the merits in New York and purposefully delay action in this Court. Earlier this week, BONY asked the Court to separate consideration of preliminary and permanent injunctive relief and adopt a leisurely schedule. Days earlier, the Noteholders, without disclosure to the FDIC Receiver's Washington, D.C. office or Hughes Hubbard & Reed LLP, filed a motion for summary judgment in New York on the heals of BONY filing its interpleader action. As a result, the FDIC Receiver must respond to the motion for summary judgment, file an answer or motion to dismiss, and file a motion to stay or other request for relief, in New York all within the next several days. Until this Court can hear and rule on the merits of a dispute that it has been handling for over three years, and to avoid the FDIC Receiver's unnecessary briefing in a court that does not control the funds in question, the FDIC Receiver makes this emergency request that this Court issue a stay of all other actions pursuant to the All Writs Act.

## STATEMENT OF FACTS

1. BONY and the Noteholders agreed in the Master Indenture (1) that BONY would represent the Noteholders in any legal action, (2) that the Noteholders need not be parties to any such action, and (3) that the Noteholders could not file an action unless they satisfied very specific requirements that are not satisfied here. Under the Master Indenture,

> (f) <u>All rights of action and of asserting claims under this Indenture, or under any of the Notes, may be enforced by the Indenture Trustee</u> without the possession of any of the Notes or the production thereof in any trial or other Proceedings relative thereto, and any such action or Proceedings instituted by the Indenture Trustee <u>shall be brought in its own name as trustee</u> of an express trust, and any recovery of judgment, subject to the payment of the expenses, disbursements and compensation of the Indenture Trustee, each predecessor Indenture Trustee and their

1

DC 561816_1.DOC

respective agents and attorneys, <u>shall be for the benefit of the Holders of the Notes</u> of the affected Series as provided herein.

(g)     In any Proceedings brought by the Indenture Trustee (and also any Proceedings involving the interpretation of any provision of this Indenture to which the Indenture Trustee shall be a party), <u>the Indenture Trustee shall be held to represent all the Holders of the Notes of the affected Series, and it shall not be necessary to make any such Noteholder a party to any such Proceedings</u>.

(Master Indenture § 5.04 (emphasis added).) BONY and the Noteholders further agreed that "[n]o Noteholder shall have any right to institute any Proceedings, judicial or otherwise, with respect to this Indenture, . . . or for any other remedy hereunder" unless BONY has failed to file the legal action requested by the Noteholders "for sixty (60) days after its receipt of such request," among other requirements. (*Id.* § 5.07.)[1]

        2.     On November 14, 2006, BONY's counsel sent the FDIC Receiver's counsel and the Noteholders' counsel the "Notice of Default under Master Indenture and Notice of Acceleration for Both Series 2000-1 Notes and Series 2001-1 Notes." (Christensen Decl. ¶ 2 (Docket Entry 3).)

        3.     On November 15, 2006, the FDIC Receiver's counsel sent a letter to BONY's counsel explaining that the Notice of Default had no effect for reasons explained by this Court in *Bank of New York v. FDIC*, ___ F. Supp. 2d ___, No. 03-1221, 2006 WL 2772860 (D.D.C. Sept. 27, 2006). (Christensen Decl. ¶ 3.) The FDIC Receiver's counsel sent that letter directly to the Noteholders' counsel by email and facsimile.

---

[1] These provisions of the Master Indenture were filed with the Court in the Declaration of Scott H. Christensen in Support of Defendant's Motion for Judgment on Count Six filed June 16, 2006 in *Bank of New York v. FDIC*, No. 03-1221.

4.	In response, on November 16, 2006 (at 8:23 p.m.), the Noteholders issued their own "Notice of Default under Master Indenture and Notice of Acceleration for Both Series 2000-1 Notes and Series 2001-1 Notes." (Christensen Decl. ¶ 8.) The Noteholders' counsel emailed the notice directly to Hughes Hubbard & Reed LLP, the FDIC Receiver's counsel, and sent a copy by certified mail to <u>both</u> internal and outside counsel for the FDIC Receiver.

5.	On November 16, 2006 (at approximately 10:35 p.m.), BONY's counsel emailed the FDIC Receiver's counsel a "courtesy copy" of the interpleader complaint filed by BONY in *Bank of New York v. First Millennium, Inc.*, No. 650234/2006 (N.Y. Sup. Ct.). (Christensen Decl. ¶ 10.)

6.	On Friday, November 17, 2006, the FDIC Receiver submitted the instant case to this Court. That afternoon, this Court scheduled a telephone conference with counsel at 12:45 p.m. on November 20, 2006. As this Court requested at that conference, the FDIC Receiver's counsel sent the Noteholders' counsel notice by Federal Express that this suit had been filed and a copy of the papers filed with this Court. According to Federal Express, the Noteholders' counsel received the package at 10:43 a.m. on November 21, 2006.

7.	Presumably knowing that this Court had already scheduled a teleconference with counsel for November 20, on or about that same day, the Noteholders filed over 400 pages of an answer and motion for summary judgment in the New York state court. (*See* Christensen Supp. Decl. Exs. 1 & 2.) The Noteholders did not serve copies of the papers on Hughes Hubbard nor did the Noteholders provide notice of any sort to Hughes Hubbard. Likewise, the Noteholders did not serve the FDIC's Washington, D.C. office with these papers or otherwise provide notice of the filing. Instead, the motion was sent only on the New York branch office of the FDIC. There is only one explanation for this action: the Noteholders

3

undertook this action to avoid giving timely notice to the real parties in this case. The FDIC's New York office has had no involvement in this litigation and the Noteholders have dealt with Hughes Hubbard and the FDIC's Washington, D.C. office throughout this litigation.

8.  Nowhere in the voluminous papers filed in the New York court do the Noteholders mention this action or the related action, *Bank of New York v. FDIC*, No. 03-1221. In fact, the Noteholders, in a sworn affidavit in support of their motion for summary judgment — which was signed by their portfolio manager who participated in the mediation in *Bank of New York v. FDIC*, No. 03-1221, and signed the settlement agreement — stated that they "know of no defense of any other party that would entitle such party superior rights to the Noteholders in the assets that are the subject to this interpleader." (Schockling Aff. ¶ 39 (Christensen Decl. Ex. 2).)

9.  On November 21, 2006, the FDIC Receiver removed the New York state action to federal court. *Bank of New York v. Millennium Partners L.P.*, No. 06-13388 (S.D.N.Y.). That case is now pending before the Honorable Charles S. Haight, Jr. of the United States District Court for the Southern District of New York.

10.  The case in New York is moving forward quickly. Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, the FDIC Receiver must oppose the Noteholders' motion for summary judgment on or before December 5, 2006 and must answer or file a motion to dismiss the complaint on or before December 11, 2006.

11.  On November 21, 2006, BONY stipulated that this Court had jurisdiction over the funds in question in this action and in the interpleader action and that nothing shall happen to them unless and until this Court rules on their disposition. BONY represented to this Court "that funds in the possession, custody, or control of BNY as Indenture Trustee of the Trust will not be transferred or distributed in any way (other than payment of the fees and expenses of

The First National Bank of Omaha as Servicer) pending an order from this Court regarding the distribution or transfer of such funds." (Docket Entry 7.)

12. On November 21, 2006, BONY and the FDIC Receiver agreed to a longer briefing schedule in the stipulation submitted to this Court. At the time it consented to this schedule, neither Hughes Hubbard nor the FDIC's Washington, D.C. office had any notice of the summary judgment papers filed in New York. On that same afternoon, in response to this Court's suggestion to consolidate the injunctive relief pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, BONY's counsel asked the Court until Monday, November 27, 2006 to respond.

13. In conferences with the Court on November 27 and 28, 2006, BONY's counsel requested that the Court proceed only with the question of a preliminary injunction and reiterated the request for a leisurely briefing schedule. Despite the Court's request, BONY gave no reasons for its position on consolidation.

14. On November 29, 2006, Hughes Hubbard first received copies of the voluminous motion papers from the FDIC, after they has been routed from the FDIC's New York office to the FDIC's Washington D.C. office over the Thanksgiving holiday.

15. After reviewing the surprising content of the Noteholders' New York filings, the FDIC Receiver's counsel requested on November 29, 2006 that BONY voluntarily dismiss the New York interpleader proceeding as moot because BONY has already agreed that this Court — not the New York court — will decide the disposition of the funds that are the subject of the renewed litigation.

16. On November 30, 2006, BONY's counsel reported that the Noteholders have instructed BONY to proceed with the litigation in New York and that BONY intends to

follow that instruction. The Noteholders further requested that the FDIC Receiver dismiss this action pending before this Court.

## ARGUMENT

### A STAY OF OTHER CASES IS NECESSARY TO PRESERVE THIS COURT'S JURISDICTION OVER THIS CASE AND THE DECISIONS IN THE RELATED CASE

Under the All Writs Act, this Court this court "may issue all writs necessary or appropriate in aid of [its] respective jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (2006). This Court has authority to stay other actions in order to preserve its jurisdiction over its decisions if a party is "acting to circumvent it." *Kurnaz v. Bush*, Nos. 04-1135, 05-0392, 2005 WL 839542, at *2 (D.D.C. Apr. 12, 2005) (Huvelle, J.). Courts have interpreted the All Writs Act "as authorizing injunctions to protect and effectuate their judgments." *Baker v. Gotz*, 415 F. Supp. 1243, 1247, 1251 (D. Del. 1976) ("The repeated actions which plaintiffs have brought against defendants in which attempts have been made to sequester the same notes . . . justify the Court as a matter of discretion in enjoining plaintiffs from taking further action toward accomplishing the same end in the Blanchette case and elsewhere."), *aff'd*, 546 F.2d 415 (3d Cir. 1976).

This Court's jurisdiction is jeopardized by the Noteholders' action in New York to persuade a court there to seize the funds and distribute them in a manner inconsistent with this Court's decisions. In *Bank of New York v. FDIC*, No. 03-1221, this Court dismissed the Noteholders' claim for the Transferor Interest on November 23, 2006. This Court granted summary judgment on September 27, 2006 against BONY on the Noteholders' claim that:

> As a result of its failure to begin the Amortization Period at the proper time, the FDIC wrongfully took and converted the assets of the Trust, without proper or just compensation, in violation of (i) the property rights of third persons, that is, the Noteholders and the Indenture Trustee, on their behalf, and (ii) the perfected first

>   priority security interest of the Indenture Trustee on behalf of the
>   Noteholders to such assets to secure repayment of the Notes.

(BONY Compl. ¶ 75.) This Court dismissed all other claims and counterclaims on September 6, 2005, pursuant to the settlement agreement signed by the Noteholders, BONY, and the FDIC Receiver. Now, BONY and the Noteholders have seized the Transferor Interest and are asking the New York court to enter summary judgment and distribute those funds to the Noteholders based on the assertion that early amortization should have occurred upon the appointment of the FDIC Receiver in February 2002. It is hard to imagine how BONY and the Noteholders could be in greater violation of this Court's orders.

Furthermore, the FDIC Receiver's rights will be prejudiced by being forced to re-litigate in New York the complicated issues already litigated before and decided by this Court. *See Baker*, 415 F. Supp. at 1250-51 (the reason for the All Writs Acts "is to protect the party who has succeeded in the federal court against being put to the inconvenience and expense of relitigating the same issue and from being subject to the possibility of a contrary decision by the state court which would nullify or impair the effect of the federal judgment"). In addition to having to file a motion to dismiss or an answer in the New York proceeding, the FDIC Receiver may have to respond to the motion for summary judgment in addition to filing a motion to stay that case — all within the next several days. Any action the FDIC Receiver takes in that litigation provides an opportunity for the Noteholders and BONY to re-litigate this Court's decisions in a court with no familiarity with the complicated transactions at issue in the underlying matter. The Noteholders and BONY have unreasonably multiplied the proceedings in an attempt to procure an order against the FDIC Receiver that is inconsistent with this Court's orders.

The New York action is the Noteholders' effort to circumvent the terms of the transaction documents and this Court's decisions. Because the Noteholders cannot sue in their own name, they ordered BONY to file an interpleader action, so the Noteholders can litigate directly against the FDIC Receiver as another interpleader defendant. Because this Court (1) affirmed the FDIC Receiver's rights to the Transferor Interest, (2) entered a judgment against BONY on the Noteholders' claim that the FDIC Receiver improperly took funds from the Trust, and (3) dismissed the Noteholders' other claims based on a settlement, the Noteholders instructed BONY to file that action in state court in another jurisdiction. The Noteholders instructed BONY to sue as soon as the Noteholders were prepared to immediately file an answer and motion for summary judgment in their race to re-litigate what this Court has already decided. The Noteholders are representing in sworn testimony to the New York courts that they are aware of "no defense" that the FDIC Receiver has that would entitle it to the funds the Noteholder instructed BONY to seize and did not once refer to *Bank of New York v. FDIC*, No. 03-1221, much less this Court's judgment disposing of that case. And, in spite of communicating by email, facsimile, and U.S. Mail with outside counsel for the FDIC Receiver at virtually the same time, the Noteholders' counsel did not serve the papers filed in New York on outside counsel for the FDIC Receiver. Nor did the Noteholders serve the summary judgment motion on the internal FDIC Receiver counsel who has been identified on every pleading filed in this case. As this Court already observed, the Noteholders are engaged in an "end run" around this Court's jurisdiction and appear to be expediting that effort at the same time they are seeking to stall this proceeding.

## CONCLUSION

For these reasons, the FDIC Receiver requests that this Court enter an order pursuant to the All Writs Act prohibiting BONY and the Noteholders, as defined in the Master Indenture,[2] and their officers, directors, employees, agents, servants, and attorneys, and other persons acting in concert with them, from prosecuting any presently-pending action and from commencing any new actions relating to NextBank, N.A. or the NextCard Credit Card Master Note Trust with the exception of the instant case and the appeal pending in *Bank of New York v. FDIC*, ___ F. Supp. 2d ___, No. 03-1221, 2006 WL 2772860 (D.D.C. Sept. 27, 2006), *appeal docketed*, No. 06-5358 (D.C. Cir. Nov. 3, 2006). The FDIC Receiver further requests that the order not preclude a party in a pending lawsuit from voluntarily dismissing the lawsuit or withdrawing a motion.

Dated: November 30, 2006

Respectfully submitted,

_____
Dennis S. Klein, D.C. Bar No. 361457
Scott H. Christensen, D.C. Bar No. 476439
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: (202) 721-4600
Facsimile: (202) 721-4646

Of Counsel:

Tom M. Reeves (KS Sup. Ct. No. 7259)
  Counsel
Federal Deposit Insurance Corporation
550 17th Street, N.W., Room VS-D-7068
Washington, D.C. 20429
Telephone: (703) 562-2433
Facsimile: (703) 562-2475
E-mail: TReeves@FDIC.gov

Attorneys for Plaintiff Federal Deposit Insurance Corporation, in its Capacity as Receiver for NextBank, N.A.

---

[2] Including, but not limited to, First Millennium, Inc., Millennium Partners, L.P., and RMK Advantage Fund.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 30, 2006, true and accurate copies of foregoing The FDIC Receiver's Emergency Motion to Stay Related Cases and the Proposed Order were served by mail upon:

>John L. Douglas
>H. Stephen Harris, Jr.
>Alston & Bird LLP
>One Atlantic Center
>1201 West Peachtree Street
>Atlanta, Georgia 30309-3424


>Paul F. Brinkman
>Alston & Bird LLP
>601 Pennsylvania Avenue, N.W.
>North Building, 10th Floor
>Washington, D.C. 20004-2601

The undersigned further certifies that true an accurate copies of these documents were sent by electronic mail to counsel listed above and to Noteholders' counsel:

>Michael J. Edelman
>Vedder Price, Kaufman & Kammholz, P.C.
>805 Third Avenue
>New York, New York 10022

_____
Scott H. Christensen

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its Capacity as
Receiver for NextBank, N.A.,

                           Plaintiff,

      v.

THE BANK OF NEW YORK, as Indenture
Trustee of the NextCard Credit Card Master
Note Trust,

                           Defendant.

Case No. 06-CV-1975-ESH

Hon. Ellen Segal Huvelle

### [PROPOSED] ORDER

The Emergency Motion for Stay of Related Cases filed by Plaintiff Federal Deposit Insurance Corporation, in its capacity as Receiver for NextBank, N.A. (the "FDIC Receiver"), having been reviewed by this Court, and this Court being fully advised in the premises,

IT IS HEREBY ORDERED that The Bank of New York, as Indenture Trustee of the NextCard Credit Card Master Note Trust, and any Noteholder, as defined in the Master Indenture,[1] and their officers, directors, employees, agents, servants, and attorneys, and other persons acting in concert with them, are prohibited from prosecuting any presently-pending action and from commencing any new actions relating to NextBank, N.A. or the NextCard Credit Card Master Note Trust with the exception of the instant case and the appeal pending in *Bank of*

---

[1] Including, but not limited to, First Millennium, Inc., Millennium Partners, L.P., and RMK Advantage Fund.

*New York v. FDIC*, ___ F. Supp. 2d ___, No. 03-1221, 2006 WL 2772860 (D.D.C. Sept. 27, 2006), *appeal docketed*, No. 06-5358 (D.C. Cir. Nov. 3, 2006).

   IT IS FURTHER ORDERED that nothing in this Order shall preclude a party in a pending lawsuit from voluntarily dismissing the lawsuit or withdrawing a motion.

   SO ORDERED.

Dated: _____             _____
                     HON. ELLEN SEGAL HUVELLE
                     UNITED STATES DISTRICT JUDGE

DC 561834_1.DOC