**VEDDER PRICE**

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
805 THIRD AVENUE
NEW YORK, NEW YORK 10022
212-407-7700
FACSIMILE: 212-407-7799

MICHAEL J. EDELMAN
212-407-6970
mjedelman@vedderprice.com

OFFICES IN CHICAGO, NEW YORK CITY, AND ROSELAND, NEW JERSEY

December 1, 2006

**VIA E-MAIL**

George Davidson, Esq.
One Battery Park Plaza
Hughes Hubbard & Reed LLP
New York, NY 10004-1482

Re: The Bank of New York, as Indenture Trustee v. First Millennium, et al., Interpleader Action, (S.D.N.Y. Index No. 650234/2006)

Dear George:

We are in receipt of the "emergency motion" that Hughes Hubbard filed on behalf of its client, the Federal Deposit Insurance Corporation (the "FDIC"), last night in an action that the FDIC commenced as a litigation end-run around the first filed interpleader action in New York. Contrary to the unsupported allegations in your pleadings, there is no "emergency basis" for the relief requested. The FDIC's actions are a blatant example of forum shopping and unfounded extraordinary remedies based upon self-created emergencies.

First, the sole basis for the "emergency" relief sought is that the FDIC must file papers in the New York interpleader action in response to the summary judgment motion filed by our client, Millennium Partners, L.P. and First Millennium, Inc. The requirement to file papers in a court of competent jurisdiction is not a basis for emergency relief. In fact, at no time did the FDIC reach out to us to ask for additional time to file responsive papers. Nor did you request a status conference from the New York federal court to which you removed the interpleader action to address scheduling issues or any other matters concerning that case. If asked, we would have granted your request for additional time. In sum, the FDIC is acting to create its own emergencies as a putative basis for "emergency relief."

Further, the FDIC's complaint that it may be required to file papers in the New York interpleader as a basis for emergency relief is without any merit. The FDIC commenced a suit in D.C. after it knew that The Bank of New York commenced the instant interpleader action in New York. How is an interpleader before a tribunal unfair to the FDIC's interests? In converse, the FDIC is seeking to compel the litigation to proceed in a Court that does not have jurisdiction over all of the parties or the subject matter of the dispute. Indeed, the New York court is particularly appropriate as all of the issues regarding entitlement to the Noteholders' collateral and the obligations of the NextCard Credit Card Master Note Trust (the "Issuer"), the special purpose issuer of the Note obligations owed to the Noteholders, are governed by New York law.

December 1, 2006
Page 2

Third, the FDIC's statements that a September 28th, 2006 decision of the United States District Court for the District of Columbia in *The Bank of New York v. Federal Deposit Insurance Company,* Civil Action No. 03-1221 (ESH) (the "D.C. Suit"), should control is off the mark. That decision has no bearing upon the New York interpleader action. The New York interpleader action concerns (a) the obligation of the Issuer of the Notes – and not the obligations of the FDIC or the bank that the FDIC took over (as servicer or otherwise) – to repay funds that the Issuer borrowed from the Noteholders and (b) the entitlement to collateral granted by the Issuer for the benefit of the Noteholders. The review of the D.C. opinion and the D.C. Suit compel the conclusion that the D.C. Suit did not address the issues implicated in the New York interpleader. Nothing in the D.C. opinion affects in any way the liability of the *Issuer* or the remedies that can be taken against the *Issuer*. The D.C. opinion stands only for the proposition that the Early Amortization Period clause was unenforceable against the *FDIC* (standing in the shoes of *NextBank*) and that the *FDIC* is not liable for conversion.

Further it was the FDIC that invoked the jurisdiction of the New York federal court by removing the interpleader action from state court. If the FDIC believes that the action does not belong there, it should ask the New York federal court to dismiss, transfer or stay the case. The FDIC's emergency motion in the D.C. federal court is an affront to the jurisdiction of the New York federal court.

Finally, what is most troubling about the FDIC's actions is that rather than seeking to use the receivership powers as a shield to protect assets, the FDIC is seeking to use receivership as a sword to reduce the principal amount of obligations owed to the Noteholders and to deprive the Noteholders of the collateral granted to them by the Issuer – an entity not even subject to receivership. Such hostile use of receivership is antithetical to the very purpose of the FDIC's receivership powers. There is no doubt that the Noteholders were owed the full amount due on the Notes when the FDIC commenced the receivership – now the FDIC is acting to deprive the Noteholders of principal actually lent to the Issuer and the collateral granted by the Issuer for the benefit of the Noteholders.

Please note that Millennium reserves its rights to take actions to protect the jurisdiction of the New York court – which we believe is the proper court to address these issues.

Once again, there is no emergency here. We request that the FDIC reconsider its actions in which it is creating false emergencies in its litigation gamesmanship and forum shopping. Please call us if you would like to request additional time in the New York case.

Very truly yours,

Michael J. Edelman

cc:   Scott H. Christensen, Esq.
      H. Stephen Harris, Esq.
      Michael Davies, Esq.