IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Federal Deposit Insurance Corporation, in its Capacity as Receiver for NextBank, N.A.,<br><br>Plaintiff,<br><br>-against-<br><br>The Bank of New York, as Indenture Trustee of the NextCard Credit Card Master Note Trust,<br><br>Defendant. | Case No. 06-1975 |

**DEFENDANT THE BANK OF NEW YORK, AS INDENTURE TRUSTEE'S SUBMISSION TO THE COURT ON PLAINTIFF'S EMERGENCY MOTION FOR STAY OF RELATED CASES**

The attached letter dated December 3, 2006, from counsel to the Millennium Noteholders in The Bank of New York, in its capacity as Indenture Trustee of the NextCard Credit Card Master Note Trust, Interpleader Plaintiff, v. First Millennium, Inc., Millennium Partners, L.P., RMK Advantage Fund, and Federal Deposit Insurance Corporation, Interpleader Defendants (the "New York interpleader action") was sent to both Plaintiff's and Defendant's counsel in the action before this court. It is forwarded to the Court for the Court's information in connection with this proceeding.

Alston & Bird

- 2 -

Respectfully submitted this 4th day of December, 2006,


/s Paul F. Brinkman

H. Stephen Harris, Jr.
D.C. Bar No. 481092
John L. Douglas
D.C. Bar No. 479569
Paul F. Brinkman
D.C. Bar No. 441681

Alston & Bird LLP
1201 W. Peachtree St.
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777

Alston & Bird LLP
The Atlantic Building
950 F Street, N.W.
Washington, D.C. 20004
Tel: (202) 756-3300
Fax: (202) 756-3333


Counsel for Defendant The Bank of New York, as Indenture Trustee of the NextCard Credit Card Master Note Trust

**VEDDER PRICE**

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
805 THIRD AVENUE
NEW YORK, NEW YORK 10022
212-407-7700
FACSIMILE: 212-407-7799

MICHAEL J. EDELMAN
212-407-6970
mjedelman@vedderprice.com

OFFICES IN CHICAGO, NEW YORK CITY, AND ROSELAND, NEW JERSEY

December 3, 2006

**VIA E-MAIL**

Scott H. Christensen, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

    Re:    The Bank of New York, as Indenture Trustee v. First Millennium,
              et al., Interpleader Action, (S.D.N.Y. Index No. 650234/2006)

Dear Scott:

We are in receipt of your email sent on Friday night in which you disingenuously suggest that Millennium would not grant the FDIC an extension of time to answer papers in the New York interpleader action – which action addresses who is the proper beneficiary of the collateral granted to the Noteholders by the special purpose Issuer. As you know, your accusation is not accurate. We also were informed that you misled the clerk of the D.C. court regarding the substance of our conversation earlier on Friday evening by only conveying a portion of our proposals to you.

As you know, the FDIC brought an emergency all writs motion based on the FDIC's self created emergency regarding the timing of the FDIC's responsive papers in the New York action. To resolve the FDIC's self-created-emergency motion, Millennium offered to grant the FDIC an extension of the deadlines for the responsive pleadings in the New York suit. I conveyed this offer directly to you. (We also understand that The Bank of New York similarly is amenable to granting more time in the New York action.) Instead of agreeing that the extension of the deadlines would resolve the FDIC's emergency all writs motion, you specifically stated that even if granted an extension of time, the FDIC would not withdraw the all writs motion in any circumstance. We were surprised by the FDIC's stance because the grant of additional time was the sole basis for the emergency request made by the FDIC. (This is particularly surprising given that invocation of the All Writs Act is an "extraordinary remedy.") The FDIC's posture of continuing to threaten Millennium while at the same time asking for the courtesy of an extension of time is an abusive litigation tactic. Once again, Millennium is willing to grant the FDIC more time subject to the FDIC withdrawing its all writs motion.

In this regard, Millennium would be willing to grant the FDIC an extension until December 12th to submit its response to Millennium's motion for summary judgment. (The December 12th date amounts to a grant of 22 days for the FDIC to respond to Millennium's motion for summary

NEWYORK/#171542.2

December 3, 2006
Page 2

judgment – which is substantially in excess of the twelve-day answer period provided under the New York rules.) Millennium also would be willing to grant a longer period if the briefing schedule in the D.C. action was put on a less expedited schedule. (As you know, the briefing schedule was only set in the D.C. suit on Friday evening.) We believe that it is only equitable for the briefing schedules in both actions to be put on roughly the same schedule pending consideration of appropriate dismissal, stay or transfer motions by the respective courts. As you must know, your invocation of the all writs statute to bar the New York federal court from either considering the merits of the interpleader or the propriety of such suit is a patent affront to the jurisdiction of the New York federal court. As we mentioned to you on Friday evening, the proper procedural course of action is for the FDIC to file a motion before the New York court for the transfer, stay or dismissal of such action. Your refusal to state whether or not the FDIC will file such an action in the New York suit is disingenuous.

Let me be frank here –the FDIC's litigation gamesmanship appears to be a blatant attempt to circumvent the first filed case rule and to litigate only before a Court that doesn't have jurisdiction over the Noteholders – thereby undercutting the right of the Noteholders to litigate the obligations of the Issuer in a Court that has jurisdiction over all parties. Indeed, this is confirmed by your statements to the D.C. Court that the FDIC doesn't think that Millennium and the other Noteholders are necessary parties in a suit that addresses the obligations of the Issuer to the Noteholders or the rights to the property rights and collateral granted by the Issuer for the benefit of the Noteholders.

Finally, the FDIC rejected our proposal for minimizing wasteful litigation. First, although you failed to report this to the D.C. Court, the Noteholders believe – and proposed to you – that the most sensible course of action is to have a sixty day stay (or some other mutually agreeable period) of all actions in both the D.C. suit and the New York suit to give the parties the opportunity to confer to ascertain whether a consensual resolution of these matters can be attained. Such a cooling off period would allow the parties to understand each other's respective positions and to focus on negotiating a settlement, rather than focusing on litigation. (As the money and collateral is currently restrained by the proceedings in both courts, no harm could result from this proposal.) Nonetheless, the FDIC categorically rejected this offer. Apparently, consistent with the FDIC's past actions, the FDIC is unwilling to see if a consensual resolution can be reached regarding the obligations of the Issuer and the proper distribution of the collateral granted by the Issuer for the benefit of the Noteholders.

Second, as an alternative proposal, we believe that the respective courts should consider whether only one or both proceedings should continue. In this regard, in a further effort to minimize wasteful litigation, we propose that all litigation in the New York interpleader action and FDIC's D.C. suit be stayed pending the resolution of motions to dismiss, stay or transfer the respective lawsuits by both courts. The respective motions (assuming that the FDIC does in fact file a motion for dismissal, stay or transfer before the New York court) can be briefed and heard on similar schedules before each of the respective Courts (and, in this regard, we would be amenable to working out an agreed schedule in the New York action and assume that the Bank of New York likewise would agree with respect to both actions).

NEWYORK/#171542.2

December 3, 2006
Page 3

Once again, we ask that the FDIC stop its litigation schemes and forum shopping. Millennium has made several offers to minimize wasteful litigation so that either a global resolution can be achieved or a rational litigation course can be agreed upon – one that respects the rights of all parties. Please call me if you would like to discuss these matters further.

Very truly yours,

Michael J. Edelman

cc:   H. Stephen Harris, Esq.
      Michael Davies, Esq.

NEWYORK/#171542.2