IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Federal Deposit Insurance Corporation, in its Capacity as Receiver for NextBank, N.A., <br><br> Plaintiff, <br><br> -against- <br><br> The Bank of New York, as Indenture Trustee of the NextCard Credit Card Master Note Trust, <br><br> Defendant. | Case No. 06-CV-1975-ESH |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
POST-HEARING SUPPLEMENT FILED JANUARY 17, 2007

Defendant The Bank of New York, as Indenture Trustee of the NextCard Credit Card Master Note Trust ("BNY"), respectfully submits this Response to the "Post-Hearing Supplement" filed on January 17, 2007 by Plaintiff Federal Deposit Insurance Corporation, in its Capacity as Receiver for NextBank, N.A. ("FDIC").

First, the Court should strike and disregard the FDIC's tardy filing, as it fell outside the Court's prescribed briefing schedule and contains only information of which the FDIC was aware, or could have been aware, at the time of the pre-hearing briefing.

If the Court gives any consideration to the FDIC's filing, BNY respectfully submits that the authorities cited by the FDIC provide no support for its demand for "sanctions" against BNY. The statute on which the FDIC relies permits an award of legal fees and expenses against an attorney, but does not authorize an award of sanctions against a party. *See* 28 U.S.C. § 1927 (stating that "any *attorney or other person admitted to conduct cases in any court of the United States* . . . may be required by the

court to satisfy personally" unnecessary legal fees and expenses associated with the attorney's vexatious conduct) (emphasis added); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 41-42 (1991) (cited by FDIC) (noting that lower court recognized that Section 1927 only permits an award to be made against an attorney).

Moreover, the statute permits an award of legal fees and expenses only where the attorney "multiplies the proceedings in a case unreasonably and vexatiously." 28 U.S.C. § 1927. It was the FDIC, not BNY, that "multiplied" proceedings here, as it filed this action after BNY filed and notified FDIC of the filing of the New York interpleader. In any event, multiple proceedings in this case were not only reasonable, but were *required*, because the instant dispute arose after BNY had filed a notice of appeal in the original action, which divested the Court of jurisdiction over the issues involved in that action. *See, e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The FDIC may have been unhappy that BNY did not accede to its demand that a new action be brought in this Court, but it has never contended (nor could it) that a new action was unnecessary. Because BNY's commencement of a second proceeding was neither "unreasonable" nor "vexatious," the FDIC cannot rely on Section 1927.

The decisional authorities on which the FDIC relies are equally inapposite. Both cases it cites stand for little more than the uncontroversial and irrelevant proposition that sanctions are appropriate where an attorney or party flagrantly abuses the judicial process and engages in misconduct amounting to a fraud on the court. *See LaPrade, Liddle &*

- 3 -

*Robins LLP v. Kidder Peabody & Co.*, 146 F.3d 899 (D.C. Cir. 1998) (affirming award of sanctions against attorney pursuant to Section 1927 where attorney obtained ex parte temporary restraining order in a second action, undermining an order of first court, without disclosing to the second court that the first court continued to retain jurisdiction); *Chambers*, 501 U.S. at 37 (affirming award of sanctions where, inter alia, sanctioned party admitted to having deceived lower court by withholding information).[1]  BNY and its counsel have unfailingly adhered to the highest standards of conduct in this Court and in the New York courts, and they have been scrupulous in making full, complete and accurate disclosure to each court of the status of proceedings in the other.  The FDIC's request for sanctions should therefore be denied.

---

[1]   *LaPrade* is further inapposite because it construed 28 U.S.C. § 1927, which, as explained above, has no applicability here.

Respectfully submitted this 23d day of January, 2007.

/s/ H. Stephen Harris, Jr.
H. Stephen Harris, Jr.
D.C. Bar No. 481092
John L. Douglas
D.C. Bar No. 479569
Paul F. Brinkman
D.C. Bar No. 441681

Alston & Bird LLP
1201 W. Peachtree St.
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777

Alston & Bird LLP
601 Pennsylvania Ave. NW
North Bldg., 10th Floor
Washington, DC 20004
Tel.: (202) 756-3300
Fax: (202) 756-3333

Counsel for Defendant The Bank of New York,
as Indenture Trustee of the NextCard Credit Card
Master Note Trust

- 4 -

## CERTIFICATE OF SERVICE

      I, Bobbi Jo Shannon, certify that a true and accurate copy of the foregoing documents were served through the Court's electronic filing system on January 23, 2007, upon

    Dennis S. Klein
    Scott H. Christensen
    HUGHES HUBBARD & REED LLP
    1775 I Street, N.W.
    Washington, DC  20006.


                              /s/ Bobbi Jo Shannon

ADMIN/20064289v1