IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Federal Deposit Insurance Corporation, in its Capacity as Receiver for NextBank, N.A.,<br><br>　　　　　Plaintiff,<br><br>　　　　-against-<br><br>The Bank of New York, as Indenture Trustee of the NextCard Credit Card Master Note Trust,<br><br>　　　　　Defendant. | Case No. 06-1975 |

## NOTICE OF FILING IN RELATED ACTION

Defendant The Bank of New York, as Indenture Trustee of the NextCard Credit Card Master Note Trust informs this Court that it has made a filing today, February 5, 2007, in the related interpleader proceeding, *BNY v. First Millennium, Inc.*, No. 06-CV-13388, in the United States District Court for the Southern District of New York before the Honorable Charles S. Haight.  Copies of the filings (not including Exhibits A and B to the Memorandum in Support of the Motion, which are this Court's January 29, 2007 Opinion and Order in this action) are attached hereto.

Respectfully submitted this 5th day of February, 2007.

   /s/ H. Stephen Harris, Jr.

H. Stephen Harris, Jr.
D.C. Bar No. 481092
John L. Douglas
D.C. Bar No. 479569
Paul F. Brinkman
D.C. Bar No. 441681

Alston & Bird LLP
1201 W. Peachtree St.
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777

Alston & Bird LLP
601 Pennsylvania Ave. NW
North Bldg., 10th Floor
Washington, DC 20004
Tel.: (202) 756-3300
Fax: (202) 756-3333

*Counsel for Defendant The Bank of New York,
as Indenture Trustee of the NextCard Credit Card
Master Note Trust*

Michael E. Johnson (MJ 0299)
H. Stephen Harris, Jr. (HH 0584)
ALSTON & BIRD LLP
90 Park Avenue
New York, New York  10016
Tel: (212) 210-9400
Fax: (212) 210-9444

Attorneys for Interpleader Plaintiff
The Bank of New York, in its capacity as Indenture
Trustee of the NextCard Credit Card Master Note Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THE BANK OF NEW YORK, in its capacity as      :
Indenture Trustee of the NextCard Credit Card   :
Master Note Trust,                                                   :
                                                                              :
                Interpleader Plaintiff,             :      No.: 06-CIV-13388-CSH
                                                                              :
      -against-                                                  :
                                                                              :
FIRST MILLENNIUM, INC., MILLENNIUM      :
PARTNERS, L.P., RMK ADVANTAGE FUND,    :
and FEDERAL DEPOSIT INSURANCE                :
CORPORATION,                                                     :
                                                                              :
                Interpleader Defendants.       :
-------------------------------------------------------------X

## NOTICE OF MOTION

      PLEASE TAKE NOTICE that, upon the annexed Memorandum, and the exhibits attached thereto, dated February 5, 2007, and the Declaration of H. Stephen Harris, Jr., dated February 5, 2007, the undersigned will move this Court, at the Daniel Patrick Moynihan, United States Courthouse, 500 Pearl St., Room 1940, New York, New York, the Honorable Charles S. Haight, District Judge, presiding, for an Order, to disburse to the FDIC the Required Payments, as defined in the accompanying Memorandum, plus interest earned while in custody of The Bank

LEGAL01/13035631v1

of New York, consistent with the January 29, 2007 Order of the Honorable Ellen Segal Huvelle, District Judge, in *FDIC v. Bank of NY*, No. 06-1975 (D.D.C.), and that Plaintiff is authorized to pay Trustee fees and servicer fees payable under the Transaction Documents.   A proposed Order is attached hereto.

Dated: New York, New York
      February 5, 2007

    ___/s/ Michael E. Johnson _____
    Michael E. Johnson (MJ 0299)
    H. Stephen Harris, Jr. (HH 0584)
    ALSTON & BIRD LLP
    90 Park Avenue
    New York, New York  10016
    Tel: (212) 210-9400
    Fax: (212) 210-9444

    *Attorneys for Interpleader Plaintiff*
    *The Bank of New York, in its capacity*
    *as Indenture Trustee of the NextCard Credit Card*
    *Master Note Trust*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE BANK OF NEW YORK, in its capacity as        :
Indenture Trustee of the NextCard Credit Card   :
Master Note Trust,                              :
                                                :
        Interpleader Plaintiff,     :     No.: 06-CIV-13388-CSH
                                                :
        -against-                   :
                                                :
FIRST MILLENNIUM, INC., MILLENNIUM              :
PARTNERS, L.P., RMK ADVANTAGE FUND,             :
and FEDERAL DEPOSIT INSURANCE                   :
CORPORATION,                                    :
                                                :
        Interpleader Defendants.    :
-----------------------------------------------------------X

## [PROPOSED] ORDER

      AND NOW, this ____ day of _____, 2007, upon consideration of the

Motion of Plaintiff The Bank of New York, in its capacity as Indenture Trustee of the NextCard

Credit Card Master Note Trust, for an Order, to disburse to the FDIC the amount of $

10,031,211.55, along with monthly accruals of Transferor Allocations/Distribution on the 2001-1

Series through April 15, 2007 that will be reflected on forthcoming monthly statements, plus

interest earned while in custody of The Bank of New York, consistent with the January 29, 2007

Order of the Honorable Ellen Segal Huvelle, District Judge, in *FDIC v. Bank of NY*, No. 06-1975

(D.D.C.), and to pay Trustee fees and servicer fees payable under the Transaction Documents, it

is hereby ORDERED and DECREED that the Motion is GRANTED.


                                                                                           _____
                                                                                            Haight, J.

Michael E. Johnson (MJ 0299)
H. Stephen Harris, Jr. (HH 0584)
ALSTON & BIRD LLP
90 Park Avenue
New York, New York  10016
Tel: (212) 210-9400
Fax: (212) 210-9444

Attorneys for Interpleader Plaintiff
The Bank of New York, in its capacity as Indenture
Trustee of the NextCard Credit Card Master Note Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE BANK OF NEW YORK, in its capacity as          :
Indenture Trustee of the NextCard Credit Card     :
Master Note Trust,                                :
                                                  :
                Interpleader Plaintiff,            :        No.: 06-CIV-13388-CSH
                                                  :
            -against-                             :
                                                  :
FIRST MILLENNIUM, INC., MILLENNIUM                :
PARTNERS, L.P., RMK ADVANTAGE FUND,               :
and FEDERAL DEPOSIT INSURANCE                     :
CORPORATION,                                      :
                                                  :
                Interpleader Defendants.           :
-----------------------------------------------------------------X

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE MOTION FOR AN ORDER
RELEASING PORTION OF INTERPLEAD FUNDS
IN ACCORDANCE WITH THE JANUARY 29TH D.C. ORDER**

Interpleader Plaintiff The Bank of New York ("BNY"), in its capacity as indenture trustee (the "Indenture Trustee"), hereby (a) notifies this Court of the memorandum opinion (the "January 29th D.C. Opinion") and related order (the "January 29th D.C. Order", and along with the January 29th D.C. Opinion, the "D.C. Decision") of the United States District Court for the District of Columbia (the "D.C. Court") in an

action captioned *Federal Deposit Insurance Corporation v. The Bank of New York*, Civil Action No. 06-1975 (ESH) (the "Second D.C. Suit"), each dated January 29, 2007, copies of which are annexed hereto as Exhibits A and B respectively; and (b) to avoid the Indenture Trustee from being subject to conflicting orders from this Court and the D.C. Court, requests immediate authorization to release the monthly Transferor Allocations/Distributions, which funds are required to be disbursed pursuant to the January 29th D.C. Order.

## RELEVANT FACTS

On December 21, 2006, this Court held a hearing on the FDIC's Stay Motion. In a decision read into the record at the December 21, 2006 hearing (the "Stay Decision"), this Court determined:

> [To] stay the proceedings in the interpleader action [in this Court] until Judge Huvelle [of the D.C. Court] has . . . issued her decision on the claims for relief asserted by the parties in the [Second D.C. Suit]. When that decision comes down, the stay which I impose this afternoon is dissipated.

In addition, this Court imposed an injunction barring any "distribution, payment, transfer or other disposition" of any collateral or *res* held by the Indenture Trustee pending "further order of this Court."[1]

---

[1] Although this Court originally stated that the injunction covered only "collateral" possessed by the Indenture Trustee, after a colloquy with counsel for the Indenture Trustee, the injunction covered all funds "that are or will become part of the *res* in this interpleader." *See* Transcript of December 21, 2006 hearing before this Court, at 83. A copy of the Transcript is annexed hereto as Exhibit C. In addition, it is noted that the Millennium Defendants, the party requesting the order, specifically defined "Collateral" on page 3 of their Memorandum of Law in Opposition to FDIC's Motion to Stay the Interpleader Action before this Court thusly:

> The secured financing obligations that constitute the subject of this action are part of a typical asset-backed securitization transaction. In this case, a special purpose entity was formed to own credit card receivables (the "Receivables"). The special purpose entity in turn borrowed money from noteholders (the "Noteholders") pursuant to the terms of an indenture and notes that were collateralized by such Receivables (the "Collateral").

On January 29, 2007, the D.C. Court issued the D.C. Decision. Pursuant to the D.C. Decision, the D.C. Court determined that:

(a) its prior decision on September 27, 2006 determined that the ipso facto clause could not be enforced against either the FDIC Receiver or the Issuer; *see* Exhibit A (January 29th D.C. Opinion), at 27;

(b) the Issuer did not have to make accelerated payments on the Notes to the Indenture Trustee; *see* Exhibit A (January 29th D.C. Opinion), at 27;

(c) the D.C. Court enjoined the Indenture Trustee and the Noteholders from relitigating whether the early amortization under the [Indenture's] ipso facto clause is enforceable; *see* Exhibit A (January 29th D.C. Opinion), at 31; and

(d) the Indenture Trustee is required to pay the normal monthly Transferor Interest that accrued on the Notes, as evidenced by the normal monthly statements that have been and, with respect to the 2001-1 Series of Notes, will be distributed with respect to the 2000-1 and 2001-1 Series of Notes. *see* Exhibit A (January 29th D.C. Opinion), at 31-32.

With respect to the monthly Transferor Interest, the D.C. Court directed that:

the Indenture Trustee "distribute to [the FDIC Receiver] . . . the net cash distributable to [the FDIC Receiver] under the 'Transferor Allocations/Distributions' on the monthly distribution statements, consisting of the Transferor share of finance charge collections, the interest earned on the Collections Account, the Transferor share of principal collections, minus the Transferor allocated servicing fees, plus interest and . . . that the [Indenture Trustee] shall continue to make the scheduled monthly payments of 'Transferor Allocations/Distributions,' as described on the monthly distribution statements, to the FDIC unless [the D.C. Court's judgment of September 27, 2006 is reversed.

*See* Exhibit B (January 29th D.C. Order), at 1-2.

Because the 2000-1 Series matured by their own terms, the Servicer stopped issuing the monthly statements on the 2000-1 Series of Notes. No further monthly statements are being issued on the 2000-1 Series of Notes due to their maturity. Monthly

- 3 -

statements issued by the Servicer continue to be issued on the 2001-1 Series of Notes on the 15th of every month and should continue until April 15, 2007, which is the maturity date of the 2001-1 Series of Notes.

As set forth on the Monthly Statements, the amount of the monthly Transferor Allocations/Distributions as set forth in the normal monthly reports that have been held in custody of BNY and are now due and payable to the FDIC per the recent D.C. Order:

With respect to the Transferor's allocable distributions out of the Trust:

| | | |
|---|---|---|
| (i) | As set forth in the November 15, 2006 Report: | $ 3,626,534.39 |
| (ii) | As set forth in the December 15, 2006 Report: | $ 3,178,731.15 |
| (iii) | As set forth in the January 16, 2007 Report: | $ 3,225,946.01 |
| **TOTAL** | | $ 10,031,211.55 |

Collectively, the amount of $ 10,031,211.55, along with monthly accruals of Transferor Allocations/Distribution on the 2001-1 Series through April 15, 2007 that will be reflected on forthcoming monthly statements are referred to herein as the "Required Payments".

## RELIEF REQUESTED

The Stay Decision provides that all amounts that are currently held by the Indenture Trustee may not be distributed pending this Court's further order. The D.C. Decision, however, provides that a portion of the Collateral and other amounts currently being held by the Indenture Trustee constitute "Transferor Interest" that does not constitute Collateral being held by the Indenture Trustee for the benefit of the Noteholders. Accordingly, the Indenture Trustee is now subject to conflicting directions as to whether to distribute or continue holding the portion of the Collateral reflecting the Transferor Interest as reflected on the monthly statements.

- 4 -

- 5 -

In this regard, the Indenture Trustee requests immediate authority to release and distribute the Required Payments, plus interest earned while in the custody of BNY, to the FDIC Receiver.  In addition, BNY should be authorized to pay Trustee fees, servicer fees and any other amounts payable under the Transaction Documents.  The Noteholders have consented to the release of the Required Payments subject to (a) the FDIC being required to return such amounts to the Indenture Trustee if the D.C. Court's decisions regarding such amounts are reversed, (b) the Noteholders reserving all rights to pursue their claims in this Interpleader that all further amounts held by the Indenture Trustee must be turned over to the Noteholders as their Collateral.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Indenture Trustee (a) informs the Court of the issued of the D.C. Decision by the D.C. Court, (b) requests authority to release the Required Payments to the FDIC Receiver, plus interest earned while in the custody of BNY (subject to being returned to the Indenture Trustee if the decision of the D.C. Court regarding such amounts is reversed), (c) requests authorization to pay Trustee fees, servicer fees and any other amounts payable under the Transaction Documents, and (d) grants such other relief as is just and equitable under the circumstances.

Dated: New York, New York
February 5, 2007

\_\_\_/s/ Michael E. Johnson_____
Michael E. Johnson (MJ 0299)
H. Stephen Harris, Jr. (HH 0584)
ALSTON & BIRD LLP
90 Park Avenue
New York, New York  10016
Tel: (212) 210-9400
Fax: (212) 210-9444

*Attorneys for Interpleader Plaintiff*
*The Bank of New York, in its capacity*
*as Indenture Trustee of the NextCard Credit*
*Card Master Note Trust*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE BANK OF NEW YORK, in its capacity as        :
Indenture Trustee of the NextCard Credit Card   :
Master Note Trust,                              :
                                                :
                Interpleader Plaintiff,     :   No.: 06-CIV-13388-CSH
                                                :
                -against-                  :
                                                :
FIRST MILLENNIUM, INC., MILLENNIUM              :
PARTNERS, L.P., RMK ADVANTAGE FUND,             :
and FEDERAL DEPOSIT INSURANCE                   :
CORPORATION,                                    :
                                                :
                Interpleader Defendants.    :
------------------------------------------------------------X

## DECLARATION OF H. STEPHEN HARRIS, JR.

I, H. Stephen Harris, Jr., hereby declare as follows:

1.     I am a partner of the firm Alston & Bird LLP, attorneys for Plaintiff The Bank of New York, in its capacity as Indenture Trustee of the NextCard Credit Card Master Note Trust ("BNY"), in this action. I submit this Declaration in support of BNY's Memorandum of Points and Authorities in Support of the Motion for an Order Releasing Portion of Interplead Funds in Accordance with the January 19th D.C. Order. I have personal knowledge of the information contained in this Declaration.

2.     The motion made herein is supported by the Millennium Defendants.

3.     Counsel for the FDIC said that the FDIC requests the disbursement of these funds, but has also stated that the FDIC does not believe an order of this Court is required to disburse the funds.

LEGAL01/13035633v1

I declare under penalty of perjury that the foregoing is true and correct.

This 5th day of February, 2007 at Atlanta, Georgia.

                                                              __/s/ H. Stephen Harris, Jr. _____
                                                              H. Stephen Harris, Jr.